## City of Farrell Appeal

*Anthony Perfilio,* for City of Farrell, appellant.
*Joseph P. Valentino,* contra.

STRANAHAN, P. J., November 27, 1972.—On November 1, 1971, Mr. Matthew Bralich, a Farrell policeman, underwent a sapheous by-pass heart operation in Youngstown and as a result of this medical problem he applied for a pension under Farrell City Ordinance 161.01, et seq., Ordinance Number 90-9-1953. On June 22, 1972, the Police Pension Fund Board of the City of Farrell granted Mr. Bralich a hearing at which time testimony was taken and it was determined by the board that Mr. Bralich was entitled to a pension. The City of Farrell has now taken this appeal and appellee has filed preliminary objections.

It is the position of the appellee that the City of Farrell has no standing to take this appeal and that therefore the court of common pleas has no jurisdiction to hear the appeal.

This seems to be a case of first impression because our research does not reveal cases which are of much aid to the court in arriving at a decision.

It is appellant's position that the appeal is taken under the authority of Article V, sec. 9, of the Constitution of Pennsylvania which in substance provides that an appeal can always be taken from a court not of record to a court of record. Appellant also contends the Local Agency Law as set forth in the Act of December 2, 1968, P. L. 1133, sec. 1, et seq., 53 PS §11301, authorizes such an appeal. This, however, does not answer the problem because it appears to this court that the solution to the problem lies in an interpretation of the Act of July 27, 1959, P. L. 569, sec. 1, as amended, 53 PS §39301.

This section of the Third Class City Code, as amended, provides for the establishment and direction of police pension funds. A portion of the code provides as follows:

". . . which fund shall at all times be under the direction and control of council but may be committed to the custody and management of such officers of the city or citizens thereof, or corporations located therein, as may be designated by council, and applied, under such regulations as council may, by ordinance, prescribe, for the benefit of such members of the police force."

It seems to this court that the intention of the legislature in enacting this section is to give the city council the right to review the decision of the pension board and to reject or affirm that decision. In support of this it should be noted that the act provides "which fund

*shall at all times* be under the direction and control of council." It would therefore appear that council has direction and control of the fund and that the pension board merely has the ministerial custody and management of the fund. Such being the case, the pension board, if authorized to do so by the ordinance, would have the right to conduct a hearing to determine if a pension were due, but city council would retain the right to sustain or reverse the decision of the board. If city council reversed the decision of the board and denied a pension then the party seeking the pension could appeal to the court of common pleas. On the other hand, if the city council granted the pension then, of course, there would be no reason for an appeal. In other words, city council could never be the appellant because it would either deny or grant the pension and, in either case, there would be no reason for it to appeal from its own decision.

This interpretation of the statute seems to be made apparent by the previous statute that existed before 1959. That section appearing in the Act of June 23, 1931, P. L. 932, 53 PS §35101, provided in part as follows under section 4301 of the Third Class City Code:

". . . which fund shall be under the direction of council or committed to the direction of such officers of the city as may be designated by council."

Under this section council had the right to delegate its authority to direct and control the fund to other persons. Under this section, an appeal no doubt could be taken from the decision of the board to the court of common pleas.

It is also interesting to note that the Firemen's Pension Fund as set forth in the Act of July 27, 1959, P. L. 569, sec. 3, 53 PS §39320, provides that:

"All pension funds established under the provisions

of this section shall be under the direction and control of a board of managers consisting of the mayor, director of accounts and finance."

Under this section of the code again the council is authorized to delegate its obligation to direct and control the funds to other persons.

We therefore conclude that the City Council of Farrell has the right to review the decision of the Police Pension Board and to pass upon it either accepting or rejecting the decision of said board. If the claim of Mr. Bralich is rejected, he of course has the right to appeal under the Local Agency Law, supra. If the decision of the board is sustained, then of course, there is no problem and the City of Farrell could not appeal since it would actually be appealing from its own decision.

It is obvious from the exhibits that have been filed in this case that there is considerable public interest in the plight of Mr. Bralich and that is understandable. We realize also that there may be times when the law becomes cumbersome and it is difficult for the average citizen to understand why these matters cannot be resolved more expeditiously. The fact remains that this court must apply the law as the legislature has enacted it and we therefore believe that the preliminary objections must be sustained and that city council should act upon the recommendations of the Pension Board as soon as possible so that this matter may be resolved.

## ORDER

And now, November 27, 1972, the preliminary objection of Matthew Bralich is sustained and it is directed that this matter shall be remanded for a hearing before the Farrell City Council.

Exceptions are granted to both the City of Farrell and Matthew Bralich from this ruling of court.